UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL S. HOSKINS,

    Plaintiff,

v.                                               Case No. 18-C-413

WAUKESHA COUNTY JAIL ADMINISTRATION, *et al.*,

    Defendant.

---

**SCREENING ORDER**

---

Plaintiff Michael Hoskins, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at the Waukesha County Jail. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee, not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C.

§ 1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.76. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that John Doe Correctional Officer and the health department at the Waukesha County Jail used unnecessary force while stripping him out of his clothes on January 23,

2

2018. While he was having a seizure and trying to catch his breath that night, the jail's nurse allegedly threw cold water on him. After the seizure, Plaintiff allegedly noticed bruising on his arm and bleeding between his legs due to his clothes, including his underwear, being ripped off. John Doe Correctional Officer had allegedly used three fingers to perform a rectal search on Plaintiff. The officer also allegedly played a video of the search for other officers, who Plaintiff could see laughing at him. The injuries that Plaintiff sustained while he was being stripped and searched allegedly required that he be sent to the hospital the following day. ECF No. 1 at 2. Shocking as these allegations are, the court must treat them as true for purposes of screening the complaint.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). A strip-search occurring in a jail or prison can constitute cruel and unusual punishment under the Eighth Amendment. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (per curiam). "A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *Id.* (first citing *Calhoun v. DeTella*, 319, F.3d 936, 939 (7th Cir. 2003); then citing *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987)). "Even where prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if 'conducted in

3

a harassing manner intended to humiliate and cause psychological pain.'" *Id.* (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

It appears from the allegations of the complaint that Plaintiff may have a claim. Plaintiff alleges not only that John Doe Correctional Officer conducted a strip-search in a wanton and cruel manner that caused severe injuries forcing Plaintiff to obtain treatment at the hospital, but also that the officer then showed a video of the search to his colleagues for the apparent purpose of entertaining them at Plaintiff's expense. If true, the strip-search was conducted in such a way as to violate Plaintiff's Eighth Amendment right against cruel and unusual punishment or, if it occurred before conviction, his fourteenth Amenmdnet right to due process. But it is not enough to state facts sufficient to give rise to a claim; the complaint must also say who is responsible for the alleged violation of constitutional rights. The complaint must name and give notice to a proper defendant.

Plaintiff's complaint fails to state a claim for relief against any defendant formally named in the caption. Specifically, the complaint names four defendants: the Waukesha County Jail Administration, Wollenhaupt, the Waukesha County Health Services Manager, and Lt. Shallow. ECF No. 1 at 1. Yet the allegations in the body of the complaint fail to associate allegedly wrongful conduct with any of these four named defendants. All four defendants named in the caption are therefore entitled to dismissal because the complaint fails to state a claim against them; it fails to provide them notice of what they are alleged to have done that violated Plaintiff's constitutional rights.

In the body of the complaint, Plaintiff also refers to a John Doe, apparently because he does not know the officer's name. It is possible that Lt. Shallow, named in the caption, is in fact John Doe Correctional Officer, against whom Plaintiff has stated a claim. If that is the case, then Plaintiff

4

should file an amended complaint making that association clear. More likely, Plaintiff simply doesn't know who allegedly assaulted him. If so, this is not grounds to dismiss his case at this stage. The Seventh Circuit has made clear that district courts may not simply dismiss such a complaint for that reason alone without assisting the plaintiff in conducting the investigation needed to determine the alleged wrongdoers. *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 790 (7th Cir. 1995) ("We think it is the duty of the district court to assist [the inmate], within reason, to make the necessary investigation."). In *Donald v. Cook County Sheriff's Department*, the court suggested several ways a district court could fulfill this duty:

> Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means. A plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the pro se plaintiff who confronts barriers to identifying the appropriate defendants

95 F.3d 548, 556 (7th Cir. 1996).

In accordance with *Donald*, the Waukesha County Jail Administrator will remain a defendant, at least for now, so that Plaintiff may conduct the discovery he needs to identify those who allegedly subjected him to the degradation he claims he experienced. Plaintiff may immediately serve a brief set of interrogatories, i.e., written questions, on the Jail Administrator asking for the name or names of those who alleged conducted the strip search of him on January 23, 2018. Any video taken of the search should be preserved as evidence in the case. Once the proper defendant has been identified, the Jail Administrator can be dismissed absent any further allegation of direct involvement.

5

The court thus finds that Plaintiff may proceed on his claim for cruel and unusual punishment against John Doe Correctional Officer. Plaintiff has until July 23, 2018, to identify the John Doe defendant or, absent good cause, this case will be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Waukesha County Jail Health Services Manager, and Lt. Shallow are **DISMISSED** from this action. Jail Administrator Wollenhaupt will remain a defendant to facilitate identification of the John Doe defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the **Waukesha County Jail Administrator** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendant may file a responsive pleading to the complaint such as a motion to dismiss for failure to exhaust administrative remedies, if appropriate. Otherwise, a responsive pleading can be filed when and if the John Doe defendant is identified and served.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $346.24 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that Plaintiff may conduct limited discovery until **July 23, 2018**, solely for the purpose of obtaining the identity of John Doe Correctional Officer. For all other purposes, the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court

Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 25th day of April, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court