UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. HOSKINS,

        Plaintiff,

v.                                                             Case No. 18-C-413

ANGELA WOLLENHAUPT, *et al.*,

        Defendants.

**ORDER**

Plaintiff Michael Hoskins, an inmate currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights while he was in custody at the Waukesha County Jail. This matter comes before the court on Hoskins' motion asking that I disqualify myself from serving as the judge in this matter. ECF No. 31. Hoskins asserts that the court's decisions denying several of his motions in this and other cases he has filed reflect a bias against him and show insufficient regard for his lack of education and status as a *pro se* plaintiff. Additionally, he contends that the court's order in another case screening his complaint and dismissing it for failure to state a claim was rude and unprofessional. *See* Screening Order, *Hoskins v. Walker*, No. 18-C-1050 (E.D. Wis. July 13, 2018), ECF No 8.

Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and under § 455(b)(1), a judge must also disqualify himself from overseeing any proceeding "[w]here he has a personal bias or prejudice concerning a party." Essentially, "[t]he question under § 455 is whether a reasonable person, knowing all the

circumstances, 'would harbor doubts about the judge's impartiality.'" *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982)).

Under this standard, I find that Hoskins' motion should be denied. Any decisions on Hoskins' motions and other filings reflect legal analysis of his claims and requests, and they are not the product of an unfavorable bias towards him. Having reviewed the decision he references, I find nothing rude or unprofessional in the decision to dismiss his claim. In this case in particular, the court has taken seriously its duty to assist him with identifying the John Doe correctional officers who allegedly caused his injuries. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 790 (7th Cir. 1995). Hoskins may disagree with the court's decisions, but "a party's displeasure with legal ruling does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273 (3d Cir. 2000). His motion for disqualification (ECF No. 31) will therefore be **DENIED**.

**SO ORDERED** this 31st day of July, 2018.

           s/ William C. Griesbach
           William C. Griesbach, Chief Judge
           United States District Court