UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. HOSKINS,

    Plaintiff,

v.                                              Case No. 18-C-413

OFFICER HOLZHUETER, *et al.*,

    Defendants.

## SCREENING ORDER

Plaintiff Michael Hoskins, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at the Waukesha County Jail. Plaintiff filed an initial complain (ECF No. 1) and the Court issued a screening order (ECF No. 9), stating that the defendant must identify the John Doe Correctional Officers in order to proceed on his claim for cruel and unusual punishment against them. This matter comes before the court because Plaintiff filed an Amended Complaint (ECF No. 35) in which he named the John Doe Correctional Officers.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the following occurred on January 25, 2018. First, that Correctional Officer Holzhueter allegedly used unnecessary force while holding the Plaintiff down in his cell, resulting in the plaintiff having a seizure and passing out. Second, that Officer Buboltz allegedly used unnecessary force while stripping Plaintiff out of his clothes, including his underwear, resulting in bleeding and bruising to the Plaintiff's groin. Next, that Lieutenant Wild allegedly directed the Correctional Officer to conduct the strip search, and later showed video of the strip search from the cell camera to two Janitorial Staff members. Last, that Nurse Zerbst allegedly threw cold water on Plaintiff while he was beginning to have a seizure inside his cell. The injuries Plaintiff suffered as a result of the strip search and being held down were allegedly so severe that Plaintiff had to be taken to the hospital for treatment where the injuries photographed. The court must treat these allegations as true for purposes of screening the complaint.

2

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). To determine whether the use of force by a prison official violated the Eight Amendment, the inquiry is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). A strip-search occurring in a jail or prison can constitute cruel and unusual punishment under the Eighth Amendment. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (per curiam). "A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *Id.* (first citing *Calhoun v. DeTella*, 319, F.3d 936, 939 (7th Cir. 2003); then citing *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987)). "Even where prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if 'conducted in a harassing manner intended to humiliate and cause psychological pain.'" *Id.* (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

Taking Plaintiff's allegations as true, at this stage in the proceeding Plaintiff's allegations are sufficient to state a claim for cruel and unusual punishment against Officer Holzhueter, Officer Buboltz, and Lieutenant Wild. Plaintiff alleges that Officer Holzhueter forcefully held Plaintiff down, applying even more force when Plaintiff informed him that he was struggling to breathe. These

3

alleged actions resulted in Plaintiff passing out. In addition, Plaintiff alleges not only that Officer Buboltz conducted a strip-search that caused severe injuries, forcing Plaintiff to obtain treatment at the hospital, but also that Buboltz's supervisor, Lieutenant Wild, showed a video of the search to other employees for the apparent purpose of entertaining them at Plaintiff's expense. These allegations suggest that the strip-search occurred for reasons that do not implicate a legitimate penological interest.

The claim alleged against Nurse Zerbst, however, is not sufficient to state a claim. Plaintiff does not claim that the nurse's actions resulted in his seizure worsening, but merely that it could have and that Nurse Zerbst would be aware of that possibility because she is familiar with Plaintiff's medical conditions. Without more factual support showing that her action was done unnecessarily or to maliciously inflict pain, Plaintiff's allegation against Nurse Zerbst are not sufficient to state a claim.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Officer Holzhueter, Officer Buboltz, and Lieutenant Wild of the Waukesha County Sheriff's Department pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

4

**IT IS FURTHER ORDERED** that the Defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that Defendant Nurse Zerbst be **DISMISSED**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

The Plaintiff is reminded that, pursuant to the Prisoner E-Filing Program, the Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  27th  day of August, 2018.

                                               s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               United States District Court