UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. HOSKINS,

    Plaintiff,

v.                                                                              Case No. 18-C-413

OFFICER HOLZHUETER, et al.,

    Defendants.

**ORDER**

Plaintiff Michael S. Hoskins, an inmate at Waupun Correctional Institution who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at Waukesha County Jail. Pending before the court are the parties' cross-motions for summary judgment and Hoskins' motions to appoint counsel and for an extension of time. In their reply brief in support of their motion for summary judgment, Defendants argue that Hoskins failed to comply with Federal Rule of Civil Procedure 56 and Civil Local Rule 56. Dkt. No. 165. Given this reply, Hoskins has requested that counsel be appointed to assist him in properly responding to Defendants' motion. He also requests an additional thirty days to file such a response.

After a review of the record, the court notes that Defendants' motion for summary judgment fails to comply with Civil Local Rule 56(a)(1), which provides that, in a case where a party is proceeding *pro se* and the opposing party files a motion for summary judgment, the movant's motion must include "a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other

admissible documentary evidence contradicting the factual assertion" and "the text to Fed. R. Civ. P. 56(c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion." Defendants' motion neither includes the short and plain statement nor the text of Civil Local Rule 56(a) and (b). Dkt. No. 146. As a result, Defendants' motion will be denied without prejudice. Defendants are granted leave to refile their motion within ten days from the date of this order provided that it complies with Civil Local Rule 56(a)(1).

In the event that Defendants refile their motion, Hoskins will have thirty days to file his materials in opposition. His present request for a thirty-day extension of time is therefore moot. Hoskins' motion to appoint counsel concerns his inability to properly file a response to Defendants' motion for summary judgment. But if the Defendants refile their motion and include the text required under Civil Local Rule 56(a)(1), Hoskins will have a copy of the rules that set forth the materials he must file in opposition to Defendants' motion. Because his motion to appoint was premised on his inability to follow rules to which he did not have access, his motion to appoint counsel will be denied.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 146) is **DENIED without prejudice**. Defendants are granted leave to refile their motion within **ten days** of the date of this order provided that is complies with Civil Local Rule 56(a)(1).

**IT IS FURTHER ORDERED** that Hoskins' motion for extension of time (Dkt. No. 171) is **DENIED as moot**, and his motion to appoint counsel (Dkt. No. 170) is **DENIED**.

Dated this __4th__ day of September, 2019.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court